UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY MITCHELL                                    CIVIL ACTION

VERSUS                                            NO. 13-6301

HOWARD PRINCE, WARDEN                             SECTION "I"(5)

## TRANSFER ORDER

Petitioner, LARRY MITCHELL, has filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2009 state court conviction

and sentence.  To support his challenge, petitioner asserts the following grounds for relief:

1)  He was denied his Sixth Amendment right to effective assistance of retained
    counsel, Lionel Burns, because he advised petitioner to reject a favorable
    plea bargain;

2)  He was further denied his Sixth Amendment right to effective assistance of
    court-appointed counsel, Robert Stamps, who conducted inadequate pretrial
    preparation and did not effectively cross-examine witnesses at trial; and

3)  He was denied his Fourteenth Amendment right to due process when he was
    convicted based on the State's knowing use of coerced false testimony.

A review of this Court's records reflects that petitioner filed a prior petition for writ of

habeas corpus related to this same conviction and sentence entitled Larry Mitchell v. Howard Prince,

Warden, Civil Action 11-1323 "I"(5).  In that petition, Mitchell asserted that the evidence was

insufficient to support his conviction.  That petition was dismissed with prejudice on the merits by

Judgment entered January 14, 2013.  Petitioner appealed. The appeal was dismissed based on

petitioner's untimely notice of appeal.  Rec. Doc. No. 20.

The petition presently before the Court is considered to be a second or successive petition

as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second

or successive claim under that section, the petitioner must establish one of the following exceptions:

1)   the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must

obtain authorization to file this second or successive petition from the United States Fifth Circuit

Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

court as required by 28 U.S.C. § 2244(b)(3)(A).   Until such time as petitioner obtains said

authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that LARRY MITCHELL's petition be construed in part as a motion for

authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the

United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas

corpus petition in this District Court.

New Orleans, Louisiana, this ___7th___ day of ____November_____, 2013.

_____

UNITED STATES DISTRICT JUDGE